UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

H.E.A., A.M.I., R.M.J., and S.M.J.,

             Plaintiffs,

        v.

MARCO A. RUBIO, Secretary of the
United States Department of State; and
SUSAN M. BURNS, United States
Embassy in Kenya, Head of Consular
Affairs,

             Defendants.

CASE NO. 2:25-cv-02046-RSL

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

This matter comes before the Court on defendants' motion to dismiss (Dkt. 9); plaintiffs' response (Dkt. 14); and defendant's reply (Dkt. 15). Having reviewed these filings, the related declaration (Dkt. 10), and the record herein, the Court GRANTS the motion to dismiss for the reasons explained below.

**I.     Background**

Plaintiff H.E.A. is a United States Citizen and native of Somalia. Dkt. 1 at ¶¶ 1–2. She came to the U.S. as a refugee on Nov. 10, 2012, leaving behind her five children. *Id*. "After her arrival, H.E.A. filed I-730 petitions for her five children with the United States Citizenship and Immigration Services ('USCIS') of the Department of Homeland Security

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 1

('DHS') in order to reunite with her five children." *Id*. The I-730 petition process can lead to the children of a refugee being allowed to join the refugee in the U.S. *See* https://www.uscis.gov/i-730 (last visited April 2, 2026).

On March 15, 2019, H.E.A. married her husband, A.M.I., who is also a plaintiff. Dkt. 1 at ¶ 2. A.M.I. was born in Somalia in January 1977 and presently lives in Kenya. *Id*. at ¶ 4. In July 2021, in a second effort at family reunification, H.E.A. "filed separate I-130 petitions for her husband and each of her five children" with USCIS. *Id*. at ¶ 2. The I-130 petition process can lead to individuals with qualifying relationships to a U.S. citizen being allowed to come to the U.S. to apply for permanent residency. *See* https://www.uscis.gov/i-130 (last visited April 2, 2026). Between July 26, 2022, and Aug. 4, 2022, all six of the I-130 petitions filed by plaintiff were approved. Dkt. 1 at ¶ 2. On April 20, 2023, "H.E.A.'s husband and four younger children attended I-130 interviews at the U.S. embassy in Nairobi Kenya." *Id*.

Two of H.E.A.'s children have since joined H.E.A. in the United States. Dkt. 1 at ¶ 3. H.E.A.'s oldest child is presently "waiting for her priority date to become current under the F-2B visa category." *Id*. H.E.A.'s two youngest children, plaintiffs R.M.J. and S.M.J., "continue to wait for the embassy to finish adjudicating their immigrant visas." *Id*. Both R.M.J. and S.M.J. were born in Somalia and presently live in Kenya. *Id*. at ¶¶ 5–6. Defendants state that the visa applications for plaintiffs A.M.I, R.M.J., and S.M.J. "were refused in April 2023" during the interviews conducted at the U.S. embassy in Nairobi, Kenya. Dkt. 9 at 1, 3. "Plaintiff-Applicants have since submitted further documentation in

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

support of their applications, but to date, their applications remain refused." *Id*. at 3–4 (citing Dkt. 1).

Plaintiffs allege that for 30 months (as of Oct. 21, 2025) plaintiffs R.M.J. and S.M.J. have been enduring hardship due to separation from their mother, while H.E.A. and A.M.I. "have been deprived of the companionship of their spouse." Dkt. 1 at ¶ 8. In this lawsuit plaintiffs are pursuing claims under the Administrative Procedures Act, 5 U.S.C. § 702, 706, and 555(b); the Mandamus Act, 28 U.S.C. § 1361; and the Declaratory Judgments Act, 28 U.S.C. § 2201. *Id*. at ¶¶ 9–43.

## II.    Discussion

### A.  Pleading Standard Under Fed. R. Civ. P. 12(b)(6)

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6), the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). In addition, the factual allegations in a complaint "must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555 (2007).

### B. Plaintiffs' APA and Mandamus Act Claims

#### 1. "Clear, Certain, and Mandatory Duty"

Where a complaint "seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, we may elect to analyze the APA claim only." *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (citing *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 (9th Cir. 1997)). In this matter, plaintiffs cite several sections of the APA in arguing that this Court should compel agency action under the APA with regard to A.M.I., R.M.J., and S.M.J. Dkt. 1 at ¶¶ 29–31 (citing 5 U.S.C. § 702, 706, 555(b)). As relevant here, under the APA "a court may compel agency action . . . when the agency (1) has 'a

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 4

clear, certain, and mandatory duty,' and (2) has unreasonably delayed in performing such duty." *Khosravi v. Rubio*, No. 2:24-CV-1227-BJR, 2025 WL 821885, at *3 (W.D. Wash. Mar. 14, 2025) (citing *Plasket v. Wormuth*, 18 F.4th 1072, 1082 (9th Cir. 2021)).

Like the plaintiffs in *Khosravi*, plaintiffs here point to Section 555(b) of the APA, which states: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." *Id*. *See also* Dkt. 1 at ¶ 31. Defendants here, like the defendants in *Khosravi*, do not dispute that they had a mandatory duty with regard to plaintiffs' visa applications but argue that the mandatory duty was performed when plaintiffs' visa applications were refused in April 2023. *Compare* No. 2:24-CV-1227-BJR, 2025 WL 821885, at *3 (W.D. Wash. Mar. 14, 2025) ("Defendants argue that assuming a duty exists, they have fulfilled that duty by reviewing Khosravi's application and issuing a 'refusal.'"), *with* Dkt. 9 at 1, 3–4, 5:19–6:4 ("Here . . . the only mandatory, nondiscretionary duty owed to [plaintiffs] has already been performed.") (citing 22 C.F.R. § 42.81(a)). The Court is thus presented with the following question: Given that plaintiffs' visa applications were refused by a consular officer who then "apparently decided that post-refusal administrative processing might help [the applicants] establish eligibility," Dkt. 9 at 6:6–11, have defendants met their mandatory duty to conclude the matter of plaintiffs' visa applications?

This is not an unusual question in the district courts, and in this district, as in others, courts have provided differing answers. *Compare Bloomberg v. Rubio*, No. C25-1420-

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5

JLR, 2025 WL 3513923, at *2 (W.D. Wash. Dec. 8, 2025) ("[C]ourts in this district and beyond regularly hold that the Government has no mandatory, nondiscretionary duty to readjudicate a visa application that was refused . . . .") (collecting cases), *with Khosravi*, No. 2:24-CV-1227-BJR, 2025 WL 821885, at *5 (W.D. Wash. Mar. 14, 2025) (acknowledging that "courts have come to opposing conclusions on this issue" but concluding that "the more persuasive [view] . . . is that the initial refusal of a visa application pending 'administrative processing' does not discharge the consular duty to adjudicate a visa application.") (collecting cases).[1] It appears that the Ninth Circuit has not squarely addressed this issue. *See Sheikhalizadehjahed v. Gaudiosi*, No. 2:24-CV-1136 SCR, 2024 WL 4505648, at *7 (E.D. Cal. Oct. 16, 2024). *See also* Dkt. 15 at 2:12.

As the *Khosravi* court explained, recent decisions in this district finding no mandatory duty to readjudicate a refused visa application have relied on *Karimova v. Abate*, 2024 WL 3517852 (D.C. Cir. July 24, 2024), an unpublished opinion. No. 2:24-CV-1227-BJR, 2025 WL 821885, at *4 n.4 (W.D. Wash. Mar. 14, 2025).[2] But "several decisions issued by the District Court of the District of Columbia have expressly declined to follow *Karimova*." *Id*. (Citing *Hajizadeh v. Blinken*, No. CV 23-1766, 2024 WL

---

[1] Plaintiffs cite *Khosravi* for the proposition that this is the "majority view." Dkt. 14 at 3:16. Similarly, a court in this district has described *Khosravi*'s analysis as aligning with "the majority of district courts." *Wasae v. Rubio*, No. C24-1714-KKE, 2025 WL 1413781, at *3 (W.D. Wash. May 15, 2025). However, as used by the *Khosravi* court the phrase "majority view" appears to refer only to the majority view among district courts in the District of Columbia. No. 2:24-CV-1227, 2025 WL 821885, at *5 (W.D. Wash. Mar. 14, 2025) (citing *R2 Technologies Corp. v. Rubio*, 2025 WL 436306, at 4 (D.D.C. Mar. 8, 2024)).

[2] *See also Bloomberg*, No. C25-1420-JLR, 2025 WL 3513923, at *2 (W.D. Wash. Dec. 8, 2025) (relying on *Karimova* to find no mandatory duty); *Beygi v. U.S. Dep't of State*, No. C24-0504-TSZ, 2024 WL 4871377, at *2 (W.D. Wash. Nov. 22, 2024) (same); *Hosseininejad v. Blinken*, No. C24-0794-TSZ, 2024 WL 4858444, at *2 (W.D. Wash. Nov. 21, 2024) (same).

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 6

3638336, at *3 n.3 (D.D.C. Aug. 2, 2024) ("*Karimova* is an unpublished opinion, and 'a panel's decision to issue an unpublished disposition means that the panel sees no precedential value in that disposition.' D.C. Cir. R. 36(e)(2). This court has considered *Karimova* but declines to follow it."). The *Khosravi* court also declined to follow *Karimova* and pointed out that Khosravi's application, "[w]hile nominally 'refused,'" was, "by most other indications, still in the adjudicative process." No. 2:24-CV-1227-BJR, 2025 WL 821885, at *4 (W.D. Wash. Mar. 14, 2025). "As one district court in this circuit recently stated, '[r]ather than simply accepting the label of "Refused," courts should consider "what is actually happening" in a specific case to determine whether an agency has discharged its duty.'" *Id*. at *5 (quoting *Momeni v. Blinken*, No. 2:24-CV-04879-ODW (AGRX), 2024 WL 5112234, at *4 (C.D. Cal. Dec. 13, 2024)).

In *Khosravi*, the indications that Khosravi's application was still in the adjudicative process included (1) improper notice of refusal; (2) clear and repeated messages that "the application—while purportedly 'refused'—was in fact still in process"; and (3) a statement on a government website that "Khosravi's visa application is currently 'undergoing [administrative] processing' and that Khosravi 'will receive another adjudication once such processing is complete.'" *Id*. Here, plaintiffs do not allege improper notice of refusal. Dkt. 1; Dkt. 14 at 3:9–4:19. That makes this case unlike *Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997), where the notice of refusal had been improper *and* the Government admitted the visa application was in fact being held in abeyance. However, plaintiffs here did receive a clear message on Oct. 23, 2025, that the applications of A.M.I., R.M.J., and

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 7

S.M.J "are still refused under Section 221(g) of the Immigration and Nationality Act *for mandatory administrative processing*." Dkt. 14-2 (emphasis added). In addition, defendants have filed statements from a government website telling plaintiffs that their applications are refused, but also telling plaintiffs that "[i]f you were informed by the consular officer that your case was refused for administrative processing"—which appears to be the case here, *see* Dkt. 14-2—"[y]ou will receive another adjudication once such processing is complete." Dkt. 10, Ex. A, B, C. This is close enough to the situation in *Khosravi* for this Court to find that plaintiffs have plausibly alleged that defendants have not met their mandatory duty to adjudicate the applications of A.M.I., R.M.J., and S.M.J. No. 2:24-CV-1227-BJR, 2025 WL 821885, at *4–5 (W.D. Wash. Mar. 14, 2025). *Accord Momeni*, No. 2:24-CV-04879-ODW (AGRX), 2024 WL 5112234, at *4 (C.D. Cal. Dec. 13, 2024) (Joining the "prevailing position among California district courts" by finding, in a case involving an I-130 petition, that "a soft refusal for administrative processing is not a final decision, and therefore does not discharge an agency's mandatory non-discretionary obligation to adjudicate a visa application.").

## 2. Unreasonable Delay

As discussed *supra* (II.B.1), Section 555(b) of the APA requires an agency to adjudicate matters presented to it "within a reasonable time." In addition, Section 706(1) allows a court to "compel agency action" where that action has been "unreasonably delayed." In the Ninth Circuit, courts use a six-factor balancing test when determining whether an agency's delay is unreasonable. *Vaz*, 33 F.4th at 1137 (9th Cir. 2022) (citing

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 8

*Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984)). The test's six factors, known as the "TRAC" factors, are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason[";]
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.' "

*Id*. The first factor is the most important, "though it, like the others, is not itself determinative." *Vaz*, 33 F.4th at 1137 (9th Cir. 2022) (citing *A Cmty. Voice v. EPA*, 878 F.3d 779, 786 (9th Cir. 2017)). Although the second factor can in theory help inform a court's evaluation of the first factor, the second factor is of no help in this matter because, as plaintiffs state, "Congress has not designated a specific time period in which the action [of adjudicating these applications] must be completed." Dkt. 14 at 5:20–21. *See also Khosravi*, No. 2:24-CV-1227-BJR, 2025 WL 821885, at *6 n.7 (W.D. Wash. Mar. 14, 2025). "Absent a congressionally supplied yardstick, courts typically turn to case law as a guide." *Arab v. Blinken*, 600 F. Supp. 3d 59, 70 (D.D.C. April 21, 2022) (citing *Sarlak v.*

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 9

*Pompeo*, No. 20-cv-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020)). District Courts "have generally found that immigration delays in excess of five, six, [and] seven years are unreasonable, while those between three to five years are often not unreasonable." *Id*. *See also Chang v. United States Dep't of State*, No. C23-01918-RSM, 2024 WL 3161895, at *3 (W.D. Wash. June 25, 2024) ("[I]n the immigration context, it is commonplace for courts to hold that a delay of less than four years is not unreasonable."). Here, plaintiffs allege a delay of 30 months (as of Oct. 21, 2025), which as of the date of this order is an alleged delay of about 37 months. Dkt. 1 at ¶ 8. *See also* Dkt. 9 at 9:11. While this alleged delay is getting close to the outer limits of acceptable delay, under relevant caselaw it is not there yet. *Arab*, 600 F. Supp. 3d at 70 (D.D.C. April 21, 2022) (citing *Sarlak*, No. 20-cv-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020)); *Chang*, No. C23-01918-RSM, 2024 WL 3161895, at *3 (W.D. Wash. June 25, 2024). In addition, plaintiffs offer no caselaw in support of their argument that defendants must show that any delays are occurring on a "first-in, first-out" basis in order to satisfy the first factor's rule of reason. Dkt. 14 at 5:22–23. Thus, the first and second factors do not weigh in favor of plaintiffs.

The third and fifth factors, which consider the effects of the delay on "human health and welfare" and other interests, are typically considered together. *Khosravi*, No. 2:24-CV-1227-BJR, 2025 WL 821885, at *7 (W.D. Wash. Mar. 14, 2025). While this Court does not doubt the hardship of family separation, this difficulty is "nearly always presented by delays in processing immediate-family visa applications." *Id*. Thus, the third and fifth

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 10

factors do not tip the balance toward plaintiffs in this matter. *Id*. *See also Chang*, No. C23-01918-RSM, 2024 WL 3161895, at *3 (W.D. Wash. June 25, 2024).

On the fourth factor, plaintiffs do not provide a compelling argument that this Court should interfere in defendants' "discretion in prioritizing [their] activities and allocating [their] resources" with regard to the adjudication of applications that have been refused for administrative processing. *Vaz*, 33 F.4th at 1138 (9th Cir. 2022). *See also* Dkt. 14 at 8:19–9:9; Dkt. 15 at 4:11–19. Finally, the Court agrees with plaintiffs that the sixth factor is neutral. Dkt. 14 at 9:12. Thus, when balancing all of the "TRAC" factors, the Court finds they do not support a finding of unreasonable delay in this matter. Therefore, plaintiffs have failed to plausibly allege unreasonable delay.[3]

Thus, while the Court acknowledges the hardship and deprivation described by plaintiffs in their complaint (Dkt. 1 at ¶ 8) and does not take lightly the ongoing impacts of hardship and deprivation, the Court will dismiss plaintiffs' complaint for failure to state a claim. *See Khosravi*, No. 2:24-CV-1227-BJR, 2025 WL 821885, at *8 (W.D. Wash. Mar. 14, 2025). This dismissal is without prejudice and the Court will repeat what other district courts have stated in similar situations: "Though judicial intervention is not warranted at this juncture, the Court's calculus could change if the delay continues for a more extended period." *Infracost Inc. v. Blinken*, 732 F. Supp. 3d 1240, 1258 (S.D. Cal. 2024). *See also*

---

[3] Because the Court has found that plaintiffs have not plausibly alleged (1) defendants' failure to meet a mandatory duty and (2) unreasonable delay by defendants, plaintiffs' claim under the Declaratory Judgments Act, 28 U.S.C. § 2201, is also dismissed. *Khosravi*, No. 2:24-CV-1227-BJR, 2025 WL 821885, at *3 (W.D. Wash. Mar. 14, 2025) (citing *Plasket*, 18 F.4th at 1082 (9th Cir. 2021)). *See also* Dkt. 1 at ¶¶ 9–10.

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 11

*Wasae v. Rubio*, No. C24-1714-KKE, 2025 WL 1413781, at \*4 (W.D. Wash. May 15, 2025).

**III.   Conclusion**

For all the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Dkt. 9).

IT IS SO ORDERED.

Dated this 26th day of May, 2026.

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 12